### IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### DELTA DIVISION

JOSEPH SIMS,                                                                                          PLAINTIFF
REG. #32850-045

v.                                      2:20CV00238-KGB-JTK

HENDRIX, et al.                                                                                    DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a Hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

**DISPOSITION**

**I.    Introduction**

Plaintiff Joseph Sims filed this federal civil rights action pursuant to <u>Bivens v. Six Unknown Named Agents</u>, 403 U.S. 388 (1971), while incarcerated at the Forrest City Medium Federal Correctional Institution (FCI). (Doc. No. 1)[1]  The Court granted his Motion to Proceed <u>in forma pauperis</u> on February 2, 2021, and directed him to file an Amended Complaint within thirty days. (Doc. No. 21) On February 22, 2021, the Court granted Plaintiff's Motion to Extend Time to April 15, 2021, in which to file his Amended Complaint. (Doc. No. 26) And, on April 19, 2021, the Court granted a second extension until June 1, 2021, in which to file an Amended Complaint. (Doc. No. 51) Although Plaintiff continues to submit miscellaneous letters and notices, as of this date, he has not filed an Amended Complaint in accordance with the Court's February 2, 2021 Order.

---

[1] Plaintiff notified the Court on January 11, 2021, of his transfer to the Beaumont Medium FCI, Beaumont, Texas. (Doc. No. 15)

Having reviewed Plaintiff's Complaint, the Court finds it should be dismissed, for failure to state a claim upon which relief may be granted.

## II. Screening

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

Additionally, to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Twombly,

3

550 U.S. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Twombly, 550 U.S. at 556-7. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id.

### III.  Facts and Analysis

Plaintiff named thirteen individuals and the Forrest City FCI as Defendants in his Complaint, but failed to include specific allegations of unconstitutional conduct against any of them. In the February 2, 2021 Order, the Court found that the Complaint failed to comply with FED.R.CIV.P. 8(a)(2), because it did not contain a "short and plain statement of the claim showing that the pleader is entitled to relief." (Doc. No. 21, p. 4) The Court also noted that the FCI could not be sued in this action. (Id.) Plaintiff was then directed to file a short Amended Com[plaint which sets forth one claim against the named Defendants involved, and which should include: "**(1) the name of each individual personally involved in the actions at issue in the complaint; (2) how each individual was personally involved in those actions; (3) how each individual violated the Plaintiff's constitutional rights; and 4) how he was harmed. Plaintiff must set forth specific facts concerning the allegations he has set forth including, where applicable, dates, times and places.**" (Id.)

Plaintiff alleged in his Complaint a variety of improper conditions including: a request for compassionate release due to unsafe conditions caused by the spread of the COVID virus; threats from gang members; improper mental health medications; infestations; missing property;

4

poor psychological staff; and others. "A Bivens claim is a cause of action brought directly under the United States Constitution against a federal official acting in his or her individual capacity for violations of constitutionally protected rights." Buford v. Runyon, 160 F.3d 1199, 1203, n. 6 (8th Cir. 1998). Therefore, initially, the Court finds that FCI Forrest City Medium cannot be sued in this action. F.D.I.C. v. Meyer, 510 U.S. 471, 485-6 (1994). In addition, Plaintiff did not include specific allegations of unconstitutional conduct against any of the thirteen individuals named as Defendants.

Following the filing of the Original Complaint, Plaintiff was transferred to the Beaumont Medium FCI, Beaumont, Texas. (Doc. No. 15) Since that time, he has submitted numerous notices and letters to the Court, all containing allegations of improper conditions of confinement at the Beaumont Unit, and all of which are separate and distinct from his original complaint allegations.

Therefore, in light of Plaintiff's failure to submit a "short and plain statement of the claim showing that the pleader is entitled to relief," or plead "enough facts to state a claim to relief that is plausible on its face," Bell, 550 U.S. at 570, his Complaint should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

**IV. Conclusion**

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Complaint against Defendants be DISMISSED without prejudice, for failure to state a claim upon which relief may be granted.

2.	Dismissal of this action constitute a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[2]

3.	The Court certify that an in forma pauperis appeal from an Order and Judgment dismissing this action would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

IT IS SO RECOMMENDED this 3rd day of June, 2021.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[2]The statute provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury. See also Patton v. Jefferson Correctional Center, 136 F.3d 458, 462-64 (5th Cir. 1998), where the Court held that a complaint construed as stating both habeas and section 1983 claims which was dismissed as frivolous and for failure to exhaust state court remedies, could be considered a "strike" within the meaning of the PLRA.